IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

FILED

JUN - 1 2021

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

JOHN A. MULVEY,                          )
                                         )
                    Plaintiff,           )
                                         )
v.                                       )   CASE NO.: _2:21_ -cv- _305_
                                         )
                                         )
MARTIN J. WALSH, In his Official         )
Capacity as Secretary of Labor and       )
United States Government,                 )
                                         )   **COMPLAINT**
                    Defendants.          )   **Declaratory and Injunctive Relief Sought**
                                         )

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

## INTRODUCTION

1.)     Plaintiff John A. Mulvey, ("Mulvey"), brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et. seq.*, the ("Act"), and agency FOIA regulations, to fulfill Plaintiff's request for disclosure of *former* DOL attorney Thomas A. Grooms[1] "bonuses" he received by the agency in December 2011—only months after high-ranking DOL officials such as **Stanley E. Keen**[2] and others <u>knew</u> of the strong likelihood that Supervisory Attorney Thomas A.

---

[1] Thomas A. Grooms is a former attorney for the United States Department of Labor, Office of the Solicitor, Nashville, Tennessee. Between 2010 to 2011, during the Congressional MSHA Backlog Project, Mr. Grooms, a supervisor, while working under the direction and supervision of Stanley E. Keen, (*currently Deputy Solicitor of National Operations*), was accused of "sexual harassment" in the DOL workplace of a female attorney.

[2] In 2011, Stanley E. Keen was the DOL Atlanta Regional Solicitor for (Region IV). Subsequently Mr. Keene was promoted to Deputy Solicitor of National Operations, Washington, D.C.

Grooms sexually and repeatedly harass[ed] a female attorney during the 2010-11 Congressionally Funded MSHA Backlog Project who allegedly was forced to "tender her resignation" due to a Hostile Working Environment at Nashville DOL orchestrated and perpetuated by DOL Supervisory Attorney Thomas A. Grooms[.]

2.)     Plaintiff respectfully seeks a declaratory Order from this Honorable Court that Defendant is in violation of the FOIA for failing to timely fulfill its mandatory constitutional obligations under the Act, and

3.)     Plaintiff respectfully seeks injunctive relief that Defendant immediately and fully comply with plaintiff's request and produce any and all responsive records under the Act.

## JURISDICTION AND VENUE

4.) This Court confers both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B). This court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

## PARTIES

5.)     Plaintiff John A. Mulvey[3], a *retired* Paralegal Specialist, is committed

---

[3] In August 2011, Mulvey gave oral testimony, which was officially transcribed by the USDOL, and testified against Thomas A. Grooms regarding his sexual harassment activities during the Congressionally Funded MSHA Backlog Project at the USDOL in Nashville, Tennessee workplace involving a female attorney hired by funds appropriated from the Congress to fund the MSHA Backlog Project.  Approximately (57) days later, Mulvey received a negative performance evaluation while on medical leave.  On June 21, 2016, Stanley E. Keen, Atlanta Regional Solicitor of Labor (*now* Deputy Solicitor for National Operations, Washington, D.C.), underlined testified under oath while the matter was pending in district court, stated, **"I've never given a bonus to someone who got a min sat"** (*See* Stanley E. Keen, June 21, 2016, Dep. Transcript Excerpt, p. 97, *attached hereto* as Plaintiff's **Exhibit No. 1**).

to the protection of citizens to be adequately informed about activities of government officials and ensuring honesty and integrity of government officials. Plaintiff is dedicated to empowering citizens to have an equal voice in the governmental decision-making process under all constitutionally protected rights, but above all, the First Amendment[4]. Plaintiff's mailing address is 1731 Gilbert Street, No. 15068, Norfolk, Virginia, and his primary address is 536 West Riverview Drive, Suffolk, Virginia 23434.

6.) Plaintiff has invested considerable resources by requesting the United States Department of Labor to take ethical issues seriously. Plaintiff is harmed by Defendant's failure to comply with the FOIA because that failure harms plaintiff's ability to provide full, accurate, and current information to the public. Thus, plaintiff has exhausted his administrative remedies before the agency. See 5 U.S.C. § 552(a)(6)(C).

Defendant Martin J. Walsh is the Secretary of Labor and Chief Executive Officer for the agency responsible for the delegation of all work, duties and responsibilities of the agency. The Department of Labor is an executive agency within the federal government.

The United States Attorney General, Merrick B. Garland, is an executive

---

[4] Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances.

and head of the Department of Justice, Washington, D.C., and represents and defends federal government agencies in all actions.

## STATUTORY FRAMEWORK
### The Freedom of Information Act, 5 U.S.C. § 5 52

7.) The FOIA, 5 U.S.C. § 552, requires the United States Department of Labor, and all other agencies of the federal government to release requested records to the public unless one or more specific statutory exemptions apply.

8.) An agency must respond to a party making a FOIA request within twenty (20) working days, notifying that party of at least its determination whether or not to fulfill the request, and of the requester's right to appeal its determination to the agency head. 5 U.S.C. § 552(a)(6)(A)(i).

9). In "unusual circumstances," an agency may delay its response to a FOIA request or appeal, but must provide notice and provide "the date on which a determination is expected to be dispatched." 5 U.S.C. § 552(a)(6)(B).

10.) This Court has jurisdiction, upon receipt of a complaint, "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

### FACTS GIVING RISE TO PLAINTIFF'S CLAIM FOR RELIEF

11.) While a retaliation case was pending in a United States District Court for the Middle District of Tennessee 3:14-cv-1835, Stanley E. Keen, *then* Atlanta Regional Solicitor of Labor, testified under oath, as follow(s):

4

### STANLEY EDWARD KEEN

### Atlanta Regional Solicitor of Labor, (Region IV)
### "Video Deposition"
### June 21, 2016

|  | Q | And I want to make sure I understand it was your practice not to give year-end bonus to anyone who had "effective" or less as an overall evaluation; is that correct? |

(Mr. Keen)   **A.**   I've never given a bonus to someone who got a min sat.

        **Q.**   I'm sorry. A what?

(Mr. Keen)   **A.**   A minimally satisfactory.

(*See* Stanley E. Keen, Atlanta Regional Solicitor, Dep. Transcript Excerpt, p. 97, attached hereto as Plaintiff's **Exhibit No. 2**).

        **Q.**   Did you conduct Mr. Grooms' evaluation – performance evaluation during time that he was the head of the MSHA office?

(Mr. Keen)   **A.**   No.

        **Q.**   **Okay.**   I assume that evaluation was documented in some fashion?

(Mr. Keen)   **A.**   I think you assume correct.  Yes.

(*See* Stanley E. Keen, Atlanta Regional Solicitor, Dep. Transcript Excerpt, p. 58, attached hereto as Plaintiff's **Exhibit No. 3**).

        **Q.**   Okay. And the e-mail itself, the body of the e-mail basically suggests that Mr. Grooms decided he wants to go back because of leave issues and stresses of management and a desire to return to

full-time litigation practice, right?

(Mr. Keen)   **A.**   **Yup**. Those were his reasons.

**Q.**   Okay. But that's not the reason why he was returned to the permanent office, right?

(Mr. Keen)   **A.**   I would say the reason -- **the main reason is not written there.**

**Q.**   Okay. And the main reason is because of the findings of the investigation against him, correct?

(Mr. Keen)   **A.**   **That's right.**

> MR. FRENSLEY: Okay. We'll go ahead and let's mark this as Exhibit 1 to this deposition.

(*See* Stanley E. Keen, Atlanta Regional Solicitor, Dep. Transcript Excerpt, p. 69, lines 16-25, and p. 70, lines 1-5, attached hereto as Plaintiff's **Exhibit No. 4**).

## Order from Middle District of Tennessee Court

12.)   On September 30, 2016, the Court issued stating that Mulvey showed enough similarities between himself and Grooms as valid comparators. Thus, the Court ordered Defendants to <u>produce</u> Performance Evaluations for Tom Grooms and written statements by Stanley E. Keen regarding the sexual harassment investigation regarding DOL Attorney Thomas A. Grooms. (*See* CM/ECF Docket Entry 75, filed 9/30/2016, p. 5, #1206). However, it should be pointed out to this Court that, to date, Mr. Keen has never provided his EEO statement to plaintiff,

and the Court likewise articulated that, "although Grooms and Keen testified to the requested report and written statements in depositions, **Faded Memories Kept Them From Doing So With Much Specificity**" (*See* CM/ECF Docket Entry 75, filed 9/30/2016, p. 5, #1205).

13.)   By way of Deputy Solicitor Keen's June 21, 2016, video deposition, the information presented herein conclusively shows this Court that Mr. Keen, a Georgia licensed practicing attorney himself, admitted under while oath, that he was knowingly **deceitful** about the real reason why Attorney Grooms was taken off the Congressionally Funded MSHA Backlog Project and returned to the main DOL office as a non-supervisor.

## GEORGIA RULES OF PROFESSIONAL CONDUCT
### Part IV (After January 1, 2001)

14.)      **GEORGIA RULE 3.3, Candor Toward the Tribunal**

a.      A lawyer shall not knowingly:

   1.     make a false statement of material fact or law to a tribunal;
          fail to disclose a material fact to a tribunal when disclosure is necessary to avoid assisting a criminal or fraudulent act by the client;

   2.     fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel; or

   3.     offer evidence that the lawyer knows to be false. If a lawyer has offered material evidence and comes to know of its falsity, the lawyer shall take reasonable remedial measures.

15.)   This rule governs the conduct of a lawyer who is representing a client in the proceedings of a tribunal. It also applies when the lawyer is representing a client in an ancillary proceeding conducted pursuant to the tribunal's adjudicative authority, such as a deposition. Thus, for example, paragraph (a) (4) requires a lawyer to take reasonable remedial measures if the lawyer comes to know that a client **who is testifying in a deposition has offered evidence that is false**.

(*See* https://www.gabar.org/Handbook/index.cfm#handbook/rule72)

### GEORGIA RULE 4.1
### Truthfulness in Statements to Others

16.)   In the course of representing a client a lawyer shall not knowingly:

    a.   make a false statement of material fact or law to a third person;

    b.   fail to disclose a material fact to a third person when disclosure is necessary to avoid assisting a criminal or fraudulent act by a client, unless disclosure is prohibited by Rule 1.6.

The maximum penalty for a violation of this Rule is disbarment.

(*See* https://www.gabar.org/Handbook/index.cfm#handbook/rule289)

### GEORGIA RULE 8.3
### Reporting Professional Misconduct

17.)   a.   A lawyer having knowledge that another lawyer has committed a violation of the Georgia Rules of Professional Conduct that raises a substantial question as to that lawyer's honesty, trustworthiness or fitness as a lawyer in other respects, should inform the appropriate professional authority.

    b.   A lawyer having knowledge that a judge has committed a violation of applicable rules of judicial conduct that raises a substantial question as to the judge's fitness for office should inform the appropriate authority.

8

## GEORGIA RULE 8.4
### Misconduct

18.) a. It shall be a violation of the Georgia Rules of Professional Conduct
for a lawyer to:

       1.)   violate or knowingly attempt to violate the Georgia Rules
of Professional Conduct, knowingly assist or induce
another to do so, or do so through the acts of another;

       4.)   engage in professional conduct involving *dishonesty,
fraud, deceit* or *misrepresentation*;

(*See* https://www.gabar.org/Handbook/index.cfm#handbook/rule160).

### OFFICE OF PERSONNEL MANAGEMENT ("OPM")

19.) The information herein, sourced from the ("OPM"), establishes that
former DOL attorney, Thomas A. Grooms, received an annual December 2011
bonus of $3,500.

| Year | Occupation | Paygrade | Salary | Bonus |
|------|-----------|----------|--------|-------|
| 2011 | General Attorney | GS-15 | $144,065 | **$3,500** |

(*See*https://www.federalpay.org/employees/dept-of-labor-office-of-the-
solicitor/grooms-thomas-a attached hereto as Plaintiff's **Exhibit No. 5**).

### SIGNIFICANCE OF FOIA RELEASE OF INFORMATION

19.) Given that Mr. Keen's character and credibility are evidenced by
disingenuous documentary testimony before a federal district court proceeding,
especially since he is a high-ranking official delegated with the responsibility of
enforcing the labor law across the United States, it is "critical" and equally

9

"imperative" to determine whether Mr. Keen issued a **$3,500 bonus in December 2011** to a former supervisory attorney Thomas A. Grooms, after he was <u>charged</u> by the DOL for sexually harassing and retaliating against a female attorney in the workplace; amongst others[.] The public deserves to know and be informed about know the contents of any apparent bonus Mr. Grooms received in December 2011 so as to properly determine and fairly weigh if ethics charges should be filed in this matter against Mr. Keen and other high ranking federal government officials. Moreover, the requested information will further be provided to the United States Congress for review, consideration and disposition, as appropriate, should the document likewise confirm what OPM has already disclosed *via* its public website, (https://www.federalpay.org).

20.) Given that Mr. Keen enforces over 180 federal statutes, exercises significant influence and discretion regarding Civil Money Penalties (CMP's) against private employers such as Coal Companies, Restaurants, and private individuals, the public has a *right-to-know* if he upholds the honesty, values and integrity of an attorney, especially the Deputy Solicitor of Labor for National Operations, that the legal profession and society, in whole, clearly deserves[.]

## PLAINTIFF'S INITIAL FOIA REQUEST

21.) By way of email dated April 19, 2021, at 4:05 p.m. (est), the undersigned sent a request Under the Freedom of Information Act, 5 U.S.C. § 552,

*et. seq.*, to Darlene Miller, Government Information Specialist, Office of the Solicitor, U. S. Department of Labor, seeking the disclosure of all bonuses issued to *former* DOL Attorney Thomas A. Grooms, Nashville, Tennessee, (Region IV), in December 2011 by the agency (*See* email and FOIA request to SOL/DOL employee, Darlene Miller, attached hereto as Plaintiff's **Exhibit No. 6**).

22.)   On April 20, 2021, at 1:32 p.m. (est), SOL/DOL employee Darlene Miller acknowledg[ed] receipt of the undersigned's FOIA request

23.)   Then, on April 20, 2021, at 1:45 p.m. (est), SOL/DOL employee Darlene Miller emailed the undersigned and stated, "Your request will be assigned in the order it was received" (*See* email and FOIA request to SOL/DOL employee, Darlene Miller, attached hereto as Plaintiff's **Exhibit No. 7**).

24.)   On April 30, 2021, at 11:46 a.m. (est), Robert M. Lewis, Jr., Atlanta Deputy Solicitor of Labor, emailed the undersigned stating that he has withdrawn the undersigned's FOIA request, No. 2021-F-07531.  However, DOL's assertion is completely incorrect (*See* email from DOL Deputy Lewis attached hereto as Plaintiff's **Exhibit No. 8**).

25.)   By letter dated May 3, 2021, the undersigned informed Deputy Lewis via email that at no such time did the undersigned withdraw any such request regarding job title and DOL's TD and MMS Time Reporting System.

11

26.)   On May 4, 2021, at 12:45 p.m. (est), Deputy Solicitor Lewis stated,

> "My apologies for my mistake; I didn't realize at the
> time You had two separate FOIA requests.  We have
> reversed the inadvertent withdrawal of the FOIA
> request no. 2001-F-0751; the request originated with
> you letter dated September 16, 2021 (sic)."

(*See* email from DOL Deputy Lewis attached hereto as Plaintiff's **Exhibit No. 9**).

27.)   By mail dated On May 12, 2021, at 7:59 a.m. (est) the undersigned advised Deputy Lewis that the first page of the undersigned's FOIA request reflected an incorrect date of September 16, 2021; however, the remaining 3 pages were corrected designated at the top left hand corner as April 19, 2021. Apparently, Deputy Lewis is attempting to make a mountain out of a molehill. And, this *de minimus* occurrence does not change the substance of the undersigned's request for relief in any capacity.  This is a frivolous assertion and attempt by Defendant to avoid proper responsibility by this Court.

## DEFENDANT FAILED TO COMPLY WITH FOIA DEADLINE

28.)   To date, plaintiff and/or complainant has not received any timely official correspondence from Defendant.

29.)   To trigger FOIA's administrative exhaustion requirement, Defendant was required to determine whether to comply with Plaintiff's request within twenty

(20) working days of receiving the request on April 19, 2021. 5 U.S.C. § 552[5]

      30.)   Defendant's determination was due on or about May 17, 2021.  At the bare minimum, Defendant was required to (i) gather and review the requested documents, (ii) determine and communicate to Plaintiff the scope of any responsive records Defendant intended to produce or withhold and the reasons for any such withholdings; and (iii) inform Plaintiff that it may appeal any adequately specific, adverse determination by the agency (*See* e.g. *Citizens for Responsibility and Ethics in Washington v. Federal Election Commission*, 711 F.3d 180, 188-89 (D.C. Cir. 2013).

      31.)   Because Defendant failed to determine whether to comply with Plaintiff's request within the time period required by FOIA, Plaintiff is deemed to have exhausted his administrative remedies. 5 U.S.C. § 552(a)(6)(C)(i).

      32.)   As a practical matter, it is critical for the Court to enforce this action because the DOL is a <u>persistent offender</u> in refusing to be cooperative and responsive to requesters seeking proper disclosure under the Act.  By way of example: the undersigned filed a FOIA Request on or about November 8, 2016, with the Department of Labor Solicitor's office, Washington, D.C.  It has been

---

[5]  5 U.S.C. 5  U.S. C.  § 552 (a)(6)(A) requires the government (i) within twenty (20) days after the receipt of any such request whether to comply with such request and shall immediately notify the person making such request, (ii) such determination and the reasons therefor, (iii) the right of the person to seek assistance from the FOIA Liaison of the agency, (aa) the right of such appeal to the head of the agency, (ii) the right of such person to seek dispute resolution from the FOIA liaison of the agency of Government Information Services.

over **1,690 + days** and the DOL has yet to issue a response to the undersigned's administrative appeal. When the undersigned asked the DOL if the agency was attempting to deliberately run out the table on the six (6) year statute of limitations, the agency effectively represented that their administrative decision had virtually nothing to do with any subsequent court action. DOL is mistaken[.]

### UNITED STATES CONGRESS
### Open Government Act of 2007[6]

33.) Congress has made clear that persistent delays and the lack of responsiveness should not be tolerated under the new FOIA regime: "[the] OPEN Government Act was created to help reduce the troubling trends of excessive delays of FOIA compliance in our system of government to help restore the public's trust in their government" (Senator Leahy, 153 CONG REC. S 157010-04 (Dec. 14, 2007).

34.) To this end, Congress intended to restore **meaningful deadlines** for agency action under FOIA. Defendant's inactions herein and in the undersigned FOIA case mentioned directly above constitutes precisely the lack of response that

---

[6] In 2007 Congress, Congress enacted the Open Government Act of 2007 which included amendments to FOIA . *See* For purposes of [5 U.S.C. § 552(a)(4)(E)(I)], a complainant has substantially prevailed if the complainant has obtained relief through either (I) a judicial order, or an enforceable written agreement or consent decree; or (II) a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial.

A consideration for this Court is whether the DOL's withholding had a reasonable basis in law. This consideration is "intended to determine whether the DOL was recalcitrant in its opposition to a valid claim or otherwise engaged in obdurate behavior. *See Tax Analysts v. United States Dep't of Justice*, 965 F.2d 1092, 1097, 296 U.S. App. D.C. 130 (D.C. Cir. 1992)

14

Congress endeavored to eliminate in passing the OPEN Government Act, which Defendant has clearly avoided or appears to misunderstand.

**PLAINTIFFS CLAIM FOR RELIEF**
**COUNT I**
**Violation of FOIA, 5 U.S.C. § 552**

**Failure to Produce Records**

35.) Plaintiff realleges and incorporates by reference all preceding paragraphs.

36.) Plaintiff properly requested records from the United States Department of Labor, (*i.e.,* Bonuses for Thomas A. Grooms in December 2011 but Defendant failed to cooperate and produce records in accordance with the regulations and Act.

37.) As a matter of law, Plaintiff is entitled to the requested records under the Freedom of Information, Act, 5 U.S.C. § 552 *et seq.,* DOL regulations set forth at DLMS-5-Information Available to the Public, 5 C.F.R. § 293.311[7], and the

---

[7] Pursuant to 5 C.F.R. § 293.311 information concerning federal and retired employees is available to the public: (1) name, (2) Present and past position titles and occupational series (3) Present and past grades, (4) Present and past annual salary rates (including performance awards or **bonuses**. incentive awards, merit pay amount, Meritorious or Distinguished Executive Ranks, and allowances and differentials); (5) Present and past duty stations (includes room numbers, shop designations, or other identifying information regarding buildings or places of employment); and (6) Position descriptions, identification of job elements, and those performance standards (but not actual performance appraisals) that the release of which would not interfere with law enforcement programs or severely inhibit agency effectiveness. Performance elements and standards (or work expectations) may be withheld when they are so inter-wined with performance appraisals that their disclosure would reveal an individual's performance appraisal.

Privacy Act of 1974.

38.)   From the time Defendant took custody, control and possession (*i.e.*, receipt), of the undersigned's FOIA request on April 19, 2021, acknowledged the undersigned's FOIA request by email on April 20, 2021, but failed to issue any official response within the prescribed twenty (20) day time period for doing so, Defendant failed to comply with their constitutional requirement under the regulations and Act.

39.)   Therefore, Plaintiff has exhausted his administrative remedies before the agency and seeks immediate disclosure and access to the responsive records requested. (*See Citizen for Responsibility and Ethics in Washington*, 711 F.3d 180, 182-83 (D.C. Cir. 2013); *Coleman v. Drug Enforcement Administration*, 714 F.3d 816, 823, (4th Cir. 2013).

**PLAINTIFFS CLAIM FOR RELIEF**
**COUNT II**
**Violation of FOIA, 5 U.S.C. § 552**

**<u>Adequacy of DOL's Search</u>**

40.)   Plaintiff realleges and incorporates by reference all preceding paragraphs.

41.)   Upon receiving a FOIA request, federal agencies are required to perform more than a perfunctory search to identify potential responsive records.

42.)    The burden of identifying that made a good faith effort to conduct a search using methods which can be reasonably expected to produce the information requested.

43.)    To meet this burden, the DOL must of demonstrated beyond material doubt that its search was reasonably calculated to uncover all relevant documents. *Valencia Lucena v. U. S. Coast Guard*, 180 F.3d 321, 336 U.S. App. D.C. 386 (D. C. Cir. 1999), (*Quoting Truitt v. Department of State*, 897 F.2d 540, 542, 283 App. (D.C. 86 Cir. 1990)).

44.)    To date, the DOL has not made any good faith effort. If this Court, by example, or even at a minimum, takes into consideration that plaintiff has been waiting well over **1,690 days** for an administrative decision in another pending DOL FOIA matter, and while recognizing in the instant matter the DOL is beyond the underline deadline for appropriately responding to plaintiff, these facts alone are sufficient to establish the hallmarks of an agency in business to delay, deny and dismiss FOIA issues while believing they can continue to operate with absolute impunity from judicial scrutiny and consequences. Moreover, the DOL has not provided any declarations, affidavits or methodology to the adequacy of any search criteria performed in this matter.

Thus, the agency has not met or satisfied its burden concerning the adequacy of any search performed, to date.

## PLAINTIFFS CLAIM FOR RELIEF
## COUNT III
### Violation of FOIA, 5 U.S.C. § 552

**Failure to Respond**

45.)   Plaintiff realleges and incorporates by reference all preceding paragraphs.

46.)   To date, Plaintiff has not received any substantive response from the DOL with the exception of an Atlanta Solicitor's email from Robert Lewis, Deputy Solicitor, that he planned to "respond soon." First, the DOL knowingly exceeded the twenty (20) working day statutory time line and has not provided any unusual circumstances to timely, adequately and sufficiently respond to plaintiff on or about May 17, 2021. 5 U.S.C. 552 § (a)(6)(A)(I). Second, the email by Deputy Solicitor Lewis is remarkably unclear and provides no definitive timeline.

Thus, the DOL has not met or satisfied its burden in appropriately, adequately or sufficiently responding to plaintiff under the regulations and Act.

47.)   The FOIA provides a mechanism for disciplinary action against officials who have acted inappropriately in withholding records. Specifically, when requiring the release of improperly withheld records, if the Court makes a written finding that the "circumstances surrounding the withholding raise questions whether agency personnel acted arbitrarily or capriciously," a disciplinary investigation is triggered. 5 U.S.C. § 552(a)(4)(F).

18

## PRAYER FOR RELIEF

**WHEREFORE,** *premises considered,* Plaintiff respectfully requests this Honorable Court to issue an:

(i.)     Order Defendant to search for any and all responsive records to Plaintiff's FOIA request and demonstrate that it employed all search methods reasonably calculated to uncover all records responsive to the subject request,

(ii.)    Order Defendant to promptly provide access to the requested documents within 7 days of any order,

(iii.)   Order requiring Defendant to pay Plaintiff's court filing fees, related costs, interests, and other appropriate fees as the Court deems just in this action 5 § U.S.C. 552(a)(4)(E),

(iv.)    Order declaring Defendant was/is in violation of not complying with its constitutional obligations under the Act,

(v.)     Order Defendant to provide a Vaughn index, beginning on June 1, 2011 to April 30, 2012, of any and all responsive records related to and/or withheld under any claim of exemption by the DOL or any of its components including OASAM,

(vi.)    Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request, and

(vii.)     Order for all other appropriate and equitable relief the Court

may deem just and proper in this matter.

Respectfully submitted,

By: _____

John A. Mulvey, (*Pro Se*)
1731 Gilbert Street, No. 15068
Norfolk, Virginia 23511
Telephone: (615) 557-7601
Facsimile: (615) 250-8470
Email: jam5813@gmail.com

cc: Honorable Merrick B. Garland, AG
    Honorable Martin Walsh, Secretary
    Honorable Elena Goldstein SOL
    Honorable Lisa Monaco, DOJ
    Daniel Arrigg, Esq.
    Deborah Greenfield, Esq.
    Michelle Rose, Sec. Deputy
    Joseph Shantz, Esq.

**(w/enclosures to each)**

**28 U. S. C § 1746**

Plaintiff, John A. Mulvey hereby certifies on June 1, 2021, under penalty of perjury that the foregoing complaint is accurate to the best of his information, knowledge and belief.

_____
John A. Mulvey

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of the foregoing Freedom of Information Act Complaint was served *via* United Parcel Service to Merrick Garland and Martin Walsh on the **1st** day of June, 2021, and delivered by First Class Mail, postage *pre-paid*, to all others referenced on the Certificate of Service on the **1st** day of June 2021, as follow(s):

cc: HONORABLE MERRICK B. GARLAND
*Attorney General of the United States*
United States Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530-0001.

HONORABLE MARTIN WALSH
*Secretary of Labor*
United States Department of Labor
200 Constitution Avenue, N.W.
Room N-2700
Washington, D.C. 20210

DANIEL ARRIGG
*Secretary's Chief of Staff*
United States Department of Labor
200 Constitution Avenue, N.W.
Room N-2700
Washington, D.C. 20210

JOSEPH SHANTZ
*Counselor to Deputy Secretary*
United States Department of Labor
200 Constitution Avenue, N.W.
Room N-2700
Washington, D.C. 20210

HONORABLE ELENA GOLDSTEIN
*Acting Solicitor of Labor*
United States Department of Labor
200 Constitution Avenue, N.W.
Washington, D.C. 20210

MICHELLE ROSE
*Deputy Assistant Secretary*
Office of Congressional Affairs
200 Constitution Avenue, N.W.
Washington, D.C. 20210

HONORABLE LISA MONACO
*Deputy General*
United States Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530-0001

DEBORAH GREENFILED
*Senior Advisor*
United States Department of Labor
200 Constitution Avenue, N.W.
Room N-2700
Washington, D.C. 20210

John A. Mulvey